IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * |
| v. | *  Criminal No. PJM 14-0407 |
| | * |
| TREVON HARRINGTON | * |
| | * |
| Defendant | * |

## MEMORANDUM OPINION

Trevon Harrington has appealed his conviction of unlawful possession of property of another without consent following a bench trial before Magistrate Judge Thomas M. DiGirolamo (Paper No. 12). For the following reasons, the conviction is **AFFIRMED**.

### I.

At approximately 11:30 P.M. on July 3, 2014 a single vehicle crashed and flipped over into the tree line of the southbound lanes of the Baltimore-Washington Parkway. Highway personnel observed three individuals leaving the scene of the accident on foot. One of the individuals was reportedly described as a young black male wearing a white shirt. When United States Park Police ("USPP") responded to the scene, there was no one in the vehicle, though two bags were found inside. USPP determined the car had been stolen from the Baltimore area on June 30, 2014, when the keys were left inside the ignition.[1]

Shortly after responding to the scene, USPP located three individuals, Trevon Harrington and two females, outside of a bar and grill that was roughly half a mile from the crash site. All three individuals were wet and dirty, and Harrington was wearing a white shirt. He was taken

---

[1] The parties stipulated at the beginning of the trial that the green Ford explorer belonging to Amanda Qualls was taken from Amanda Qualls's possession when it was left on the curb with the key in it and the vehicle was stolen from the Towson, Maryland area. Trial Recording 12:03. During defense closing/motion for judgment of acquittal, counsel stated that it is "not disputed that Harrington was inside the vehicle." *Id.* at 12:27.

into custody and transported to the police station. While in a holding cell, Harrington acknowledged that one of the bags found in the vehicle belonged to him and requested he be given a shirt from one of the bags. USPP learned that Harrington and the two female individuals were from Baltimore. Harrington stated that he had been in the car with the two other individuals and that they were on their way to attend a party, but he did not disclose who was driving. USPP ultimately charged Harrington and the two females with three offenses: (1) unsafe operation of a vehicle (36 C.F.R. § 4-22); (2) driving without consent of owner (36 C.F.R. § 2.30(a)(1)); and (3) leaving the scene of an accident with property damage (Md. Code Ann., Transp. § 20-103). One of the females was also charged with possession of marijuana.

Trial was held on August 25, 2014. Just before trial, the Government amended Count 2 to charge Harrington with possession without consent of owner, also a violation under 36 C.F.R. (Code of Federal Regulations) § 2.30(a)(1). The Government called the arresting USPP officers as witnesses. Harrington presented no witnesses, and moved for judgment of acquittal at the close of the Government's case. He was found not guilty of Counts 1 and 3, but guilty of Count 2, and sentenced to time served, which was 54 days. Three days later, Harrington filed this appeal.

## II.

Fed. R. Crim. P. 58(g)(2)(D) provides that a district court reviewing a bench trial conducted by a magistrate judge should follow the standard of review employed by an appellate court assessing a district court conviction. This standard requires the reviewing court to give deference to the factual findings of the magistrate court and order reversal only upon a finding of clear error. *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005).

When a defendant challenges a conviction based on the sufficiency of the evidence, he or she "bears 'a heavy burden.'" *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995), *cert. denied*, 516 U.S. 935 (1995). In such an appeal, "[t]he focus of appellate review . . . is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). "[T]he relevant question is not whether this court is convinced beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dodson*, 30 F. App'x 239 (4th Cir. 2002) (citing *Burgos*, 94 F.3d at 862-63).

### III.

Harrington was convicted of violating a regulation that prohibits "[o]btaining or exercising unlawful possession over the property of another with the purpose to deprive the owner of the property." 36 C.F.R. § 2.30(a)(1).[2] He argues that the Magistrate Judge, relying solely on the circumstantial evidence that Harrington fled the crash site, did not have sufficient evidence to support a finding beyond a reasonable doubt that Harrington possessed the requisite *mens rea* to commit the crime. He urges that the circumstantial evidence did not rise to the level of compelling evidence required to sustain a conviction in light of several other reasonable explanations to explain his departure.

Given the lack of case law with respect to this regulation, Harrington relies on federal and state cases interpreting analogous statutes in support of his insistence that a high level of certainty is required to establish knowledge. He notes that under the Maryland General Theft

---

[2] It should be noted that the Judgment (Paper No. 10) incorrectly lists the offense as 36 C.F.R. § 2.34(a)(1), rather than the correct citation, 36 C.F.R. § 2.30(a)(1).

Statute, "a person acts knowingly (iii) with respect to a person's knowledge of the existence of a particular fact, if that knowledge is an element of a crime, when the person is *practically certain* of the existence of that fact." Md. Code Ann., Crim. Law § 7-102(b)(1) (emphasis added).

Harrington also cites a Maryland statute that "prohibits a person from taking or carrying away motor vehicle from the premises of or out of the custody of another without the permission of the owner." Md. Code Ann., Crim. Law § 7-203(a)(2). According to Harrington, under this statute, convictions of passengers riding in stolen vehicles have rested on clearer evidence that the defendant knew the car was stolen than was present in his case. *See, e.g., In re Landon G.*, 214 Md. App. 483, 506, 78 A.3d 431, 445 (2013) (defendant knew that the driver of the vehicle did not have a car, and defendant ran when the car was stopped by police); *In re Levon A.*, 361 Md. 626, 630, 762 A.2d 572, 574 (2000) (defendant was told it was a stolen car, there was broken glass from the front passenger side window on the floor, and the ignition system was broken); *Anello v. State*, 201 Md. 164, 169, 93 A.2d 71, 73 (1952) (21-year-old with significant contact with the criminal justice system should have known a hotwired, expensive car was stolen).

Further, Harrington suggests that cases addressing violations of this C.F.R. require more evidence than the Magistrate Judge had here. *See United States v. Dodson*, 30 F. App'x 239 (4th Cir. 2002); *United States v. Otts*, 106 F.3d 393 (4th Cir. 1997) (unpublished table decision). In *Dodson*, for example, the defendant was convicted under Section 2.30(a)(1) when he made multiple attempts to sell a sailboard that had been reported stolen, and a suspicious storeowner contacted police. The defendant changed his story several times, misrepresenting to the police how he acquired the sailboard and his attempts to dispose of it. Dodson's conviction was affirmed on appeal. *Dodson*, 30 F. App'x at 239. Similarly, the defendant in *Otts* was convicted

after being found in the passenger seat of a stolen vehicle containing items stolen in his presence. *Otts*, 106 F.3d at 393. Here, by contrast, Harrington argues that the Magistrate Judge erroneously determined he had the requisite knowledge that the vehicle was stolen solely because of the circumstantial evidence that he left the scene of the crash.

The Court is unpersuaded by Harrington's arguments.

### IV.

The standard of review requires the Court to evaluate the trial court's findings in a global context, rather than based on hindsight and piecemeal isolation of the pertinent facts or lack thereof. The question is not whether this Court, *qua* appellate court, agrees with the lower court's findings, but whether it was reasonable in light of the totality of the evidence presented to the fact finder to determine that Harrington was guilty beyond a reasonable doubt. *See Dodson*, 30 F. App'x at 239; *see also Burgos*, 94 F.3d at 863. Under this standard, the Court finds that the Magistrate Judge's finding of Harrington's guilt was reasonable.

Although the Government's case against Harrington was premised upon circumstantial evidence, that is entirely acceptable. *See United States v. Taylor*, 482 F.2d 1376, 1377 (4th Cir. 1973). It is undisputed that Harrington was in the vehicle prior to the crash and that the vehicle was stolen.

In the Fourth Circuit, the fact finder may consider a defendant's flight as consciousness of his or her guilt if there is "evidence supporting all the inferences in the causative chain between flight and guilt." *United States v. Obi*, 239 F.3d 662, 665 (4th Cir. 2001); *see also United States v. Beahm*, 664 F.2d 414, 420 (4th Cir. 1981) ("If the government wishes to offer evidence of flight to demonstrate guilt, it must ensure that each link in the chain of inferences

leading to that conclusion is sturdily supported."). The totality of the evidence supported the inference that Harrington's departure signaled consciousness of his guilt.

Rejecting the notion that his departure should be characterized as "flight," Harrington has identified several "reasonable hypothes[es] consistent with innocence" to explain why he did not remain at the scene following the crash, which he presented at trial. The Magistrate Judge could certainly reject these hypotheses as fanciful. To survive a sufficiency challenge, the evidence need not "'exclude every reasonable hypothesis other than that of guilt'" *Burgos*, 94 F.3d at 866 (citations omitted) ("We cannot, therefore, find the evidence of guilt insufficient simply because it failed to disprove every possible hypothesis regarding [the defendant's] purported innocence."). *See also Taylor*, 482 F.2d at 1377 (noting that it is "well settled in this Circuit that circumstantial 'evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence.'") (citing *United States v. Chappell*, 353 F.2d 83, 84 (4th Cir. 1965)). In fact, the Fourth Circuit has noted its disapproval when "the dissent disingenuously attempts to ascribe innocuous purposes to surreptitious conduct." *Burgos*, 94 F.3d at 870.

It is noteworthy that, unlike the stolen vehicles in other cases, which were hotwired or had broken ignition systems, this car was stolen when the keys were left in the ignition, a fact which the Magistrate Judge specifically acknowledged.[3] This may distinguish the instant case from other convictions under Md. Code Ann., Crim. Law § 7-203 where there was clear evidence of vehicle theft, *i.e.*, broken glass or an obviously hot-wired ignition. This is also somewhat different from *Otts* where the defendant was part of, if not the perpetrator of the theft. *Otts*, 106 F.3d at 393. But Harrington stipulated that the car was stolen and there is no plausible explanation suggesting why he or either of the two females had any reason to be in the vehicle at

---

[3] *See* Trial Recording 12:30-12:31.

Case 8:14-cr-00407-PJM Document 4 Filed 04/27/15 Page 7 of 8

all. At a minimum, it would have been reasonable for the Magistrate Judge to find that all three individuals were joint possessors of the vehicle. *See Landon G.*, 214 Md. App. at 496, 78 A.3d at 439 ("[T]he conceptual lynchpin underlying a finding of possession of a stolen vehicle by a passenger is the presence of 'other incriminating evidence' that tends to show a joint enterprise or acting in concert by the driver and the defendant passenger," [including] "flight by the driver and the defendant passenger when approached by the police . . . and a relationship between the driver and the defendant passenger.") (citing *In re Melvin M.*, 195 Md. App. 477, 490, 6 A.3d 955, 962 (2010)). *See also Taylor v. State*, 346 Md. 452, 458, 697 A.2d 462 (1997) (possession may be actual or constructive, exclusive or joint).

Accordingly, the Magistrate Judge could reasonably find that the totality of the evidence militated in favor of Harrington's knowledge that the car was stolen, remarking that "I think this is where the evidence of leaving the scene on foot comes in, he does leave the scene . . . You're in a pretty bad crash . . . you'd think you'd stay and wait for help. That to me indicates a haste leaving." Trial Recording 12:36-12:37. Harrington has not met the "heavy" burden required to secure reversal of the trial court's determinations. *See Hoyte*, 51 F.3d at 1245. The evidence was clearly sufficient for a rational trier of fact to have found Harrington guilty beyond a reasonable doubt.

V.

For the foregoing reasons, Harrington's Appeal (Paper No. 12) is **DENIED** and the Conviction is **AFFIRMED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 27, 2015